**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**SKYLEY SKY,**
**PLAINTIFF,**
**VS.** **CASE** 25-337-SMY
**NO.________________________**
**42 U.S.C. 1983 STATE PRISONER**
**(1) STEVE A. SCOTT,**
**(2) JASON D. ROBINSON BADGE 7628,**
**(3) DANIEL MONTI, (4) SHANE REISTER,**
**(5) MICHELLE DULLE, (6) GARY McQUARRIE,**
**(7) MARK VINYARD, (8) LOUIS R. ZIPPER R23445,**
**(9) TYRONE GABB K56698, (10) HARLEY M. BRADY R13122,**
**(11) KURT V. HEIDEL BADGE 11421, (12) CRAIG J. DORRIES BADGE 12024,**
**(13) MELISSA RUCKER, (14) BILLY L. STANHOUSE Jr. BADGE 459,**
**(15) DOUG STEPHENS, (16) TRUDY HALLINAN, (17) BARBARA J. WHEELER.**
**DEFENDANT(S)**

**I. JURISDICTION**

**PLAINTIFF:** Skyler Sky aka Bradley J. Cornille, B88097
2600 N. Brinton Ave.
Dixon, IL 61021-9532

This is a civil action authorized by 42 U.S.C. Section 1983 to redress the depriviation under the color of state law, of rights secured by the Constitution of the United States. The Court has jurisdiction under 28 U.S.C. Section 1331, Section 1343(a) 1,2,3 & supplemental jurisdiction of Plaintiffs State Tort Law claims under 28 U.S.C. Section 1367(a). The Court has the authority to grant declatory relief under 28 U.S.C. Section 2201 & 2202 & rule 57 of the Federal Rules Of Civil Procedure. The Southern District of Illisons is the appropriate venue under 28 U.S.C. Section 1391(b)(2) due to the fact it is where the events giving rise to this claim occurred. Plaintiff on information & belief the Defendant(s) reside in this district. All Defendant(s) do business in this District.

**DEFENDANT #1:** Steve A. Scott is employed as Correctional Law Library Asistant at Centralia CC, 9330 Shattuc Road, Centralia, IL 62801. State employee of IDOC.

**DEFENDANT #2:** Jason D. Robinson badge 7628 is employed as Correctional Lieutenant at Centralia CC, 9330 Shattuc Road, Centralia, IL 62801. State employee of IDOC.

**DEFENDANT#3:** Daniel Monti is employed as Warden of Centralia CC, 9330 Shattuc Road, Centralia. IL 62801. State employee of IDOC.

**DEFENDANT#4:** Shane Reister is employed as Southern Regional Psychological Admininstrator posted at Centralia CC, 9330 Shattus Road, Centralia, IL 62801. State employee

of IDOC, contract.

**DEFENDANT#5:** Michelle Dulle is employed as Mental Health Professional at Centralia CC, 9330 Shattuc Road, Centralia, IL 62801. State employee of IDOC, contract.

**DEFENDANT#6:** Gary McQuarrie is employed as Correctional Major at Centralia CC, 9330 Shattuc Road, Centralia, IL 62801. State employee of IDOC.

**DEFENDANT#7:** Mark Vinyard is employed as Assistant Warden Of Operations at Centralia CC, 9330 Shattuc Road, Centralia, IL 62801. State employee of IDOC.

**DEFENDANT#8:** Louis R. Zipper R23445 is employed by Centralia CC as IIC Worker at Centralia CC, 9330 Shattuc Road, Centralia, IL 62801. State employee by IDOC.

**DEFENDANT#9:** Tyrone S, Gabb K56698 is employed by Centralia CC as IIC Worker at Centralia CC, 9330 Shattuc Road, Centralia, IL 62801. State employee by IDOC.

**DEFENDANT#10:** Harley M. Brady R13122 is employed by Centralia CC as IIC Worker at Centralia CC, 9330 Shattuc Road, Centralia, IL 62801. State employee by IDOC.

**DEFENDANT#11:** Kurt V. Heidel badge 11421 is employed as Correctional Sergent at Centralia CC, 9330 Shattuc Road, Centralia, IL 62801. State employee of IDOC.

**DEFENDANT#12:** Craig J. Dorries badge 12024 is employed as Correctional Lieutenant at Centralia CC, 9330 Shattuc Road, Centralia, IL 62801. State employee of IDOC.

**DEFENDANT#13:** Melissa RRucker is employed as Facility PREA Retaliation Monitor at Centralia CC, 9330 Shattuc Road, Centralia, IL 62801. State employee of IDOC.

**DEFENDANT#14:** Billy L Stanhouse Jr. badge 459 is employed as Internal Security Investigator (ISI) for Southern Illinois at Marion Field Office, 2309 W. Main St., Ste. 128, Marion, IL 62959. State employee of IDOC.

**DEFENDANT#15:** Doug Stephens is employed as Transfer Coordinator Office (TCO) of IDOC at the Springfield HQ, 1301 Concordia Court, Springfield, IL 62794.

**DEFENDANT#16:** Trudy Hallinan is employed as Registered Nurse with Wexford Health Sources Inc. Contractor of IDOC, 9330 Shattuc Road, Centralia, IL 62801. Contractor of state of Illinois/IDOC.

**DEFENDANT#17:** Barbara J. Wheeler is employed as Registered Nurse with Wexford Health Sources Inc. Contractor of IDOC, 9330 Shattuc Road, Centralia, IL 62801. Contractor of state of Illinois/IDOC.

## Preliminary Statement

Plaintiff, Skyler Sky aka Bradley Cornille a transgender female, pro per., brings this compliant for (1) Declaratory Relief, (2) Damages for violations of their constitutional rights/protections under 42 U.S.C. 1983, & Illinois State Tort Law. Plaintiff further contends that all fifteen (15) Defendant(s) were actively under the Color of Law as State of Illinois employees at the time the claims asserted in this compliant arose. Plaintiff was denied their constitutional rights & protections & state torts committed because Defendant(s) (who are being sued jointly, severly, & with indimification) specifically & knowingly committed the acts of:

1. Due Process

2. Intentional Infliction Of Emotional Distress
3. Cruel & Unusual Puinishment
4. Failure To Protect
5. Equal Protection
6. Deliberate Indifference To Serious Medical Needs

These torts/acts caused Plaintiff serious severe pain (ongoing), debiliting mental & emotional distress, physical manifestation & has rendered them unable to live without emotional & mental pain that is unnecessary & has long lasting effects/damage after being sexually assaulted, to continue to struggle & suffer for Defendant(s) failures. Plaintiff is suing each Defendant in their individual & offical capacity.

## II. PREVIOUS LAWSUITS

**1ST:** Cornille V. Jones et. al., Fed. Ct. S. Dist. No. 18-cv-1496, Judge Gilbert, civil rights. Case w/drawn byself. Filed late 2018, closed 2019. Not dismissed as a strike, frivolous, malicious, nor failure to state a claim.

**2ND:** Cornille V. Canton et. al., Fed. Ct. N. Dist. No. Unknown, Judge Unknown, civil rights. Case w/drawn byself. Filed late 2012, closed 2014. Not dismissed as a strike, frivolous, malicious, nor failure to state a claim.

**3RD:** Cornille V. Lashbrook et. al., Fed. Ct. S. Dist. No. 19-cv-2, Judge Rosentengel, civil rights. Case w/drawn byself. Filed Jan. 2019, closed March 2019. Not dismissed as a strike, frivolous, malicious, nor failure to state a claim.

**4TH:** Cornille V. Luthern Social Services et. al., Fed. Ct. S. Dist. No. 19-cv-47, Judge Yandle, civil rights. Case w/drawn byself. Filed Jan. 2019, closed 02/22/2019. Not dismissed as a strike, frivolous, malicious, nor failure to state a claim. Case was not ripe dismissed w/o prejudice.

**5TH:** Cornille V. Popit, Fed. Ct. S. Dist. No. 19-cv-271, Judge Sison, civil rights. Case w/drawn byself. Filed Jan. 2019, closed Dec. 2019. Not dismissed as a strike, frivolous, malicious, nor failure to state a claim.

**6TH:** Cornille V. Groove et. al., Fed. Ct. S. Dist. No. 19-cv-272, Judge Rosentengel, civil rights. Case w/drawn byself. Filed Jan. 2019, closed Dec. 2019. Not dismissed as a strike, frivolous, malicious, nor failure to state a claim.

**7TH:** Cornille V. Jeffreys et. al., Fed. Ct. S. Dist. No. 22-cv-01988-MAB, Judge Beatty, civil rights. Filed August 2019. Not dismissed still ongoing.

**8TH:** Cornille V. Myers et. al., Fed. Ct. S. Dist. 24-cv-01202-SMY, Judge Yandle, civil rights. Filed 2024. Not dismissed ongoing.

## III. GRIEVANCE PROCEDURE

A. There is a grievance procedure.
B. I did present the facts of this Complaint to the grievance procedure.
C. Yes I filed & fully exhusted all grievances in this matter, as much as possible. I was

denied at all steps & hindered.

D. Grievance process was fully exhusted as of March 23, 2024 on Exhibit A-F. Exhibit G over medical Plaintiff never received an ARB reply despite countless inquiry. Dole V. Chandler, 438 F3d 804, was mailed to ARB on 09/29/2022 & ARB never replied

**IV. STATEMENT OF CLAIM**

- May of 2022 through September 14, 2022 while held at Centralia Correctional Center Plaintiff wrote an excessive number of request slips as well as speaking one on one with Defendant(s) Steve A. Scott, Jason D. Robinson, Daniel Monti, Shane Reister, Michelle Dulle, Gary McQuarrie, Mark Vinyard, Billy Stanhouse Jr., & Craig J. Dorries over Plaintiff's safety & security concerns in the library/law library. Espically in light of the fact they are a vulnerable transgender female (forced to be held in male prison) who at this time was part of the PRISM Program (A program designed to help safety of transgender female prisoner. A program completed as part of Federal Court Consent Decrees in Monroe V. Baldwin case.) I was concerned with the toxic environemnt of exploitation, trafficking, gambling, & fighting that occured in the library/law library by State Individual In Custody (IIC) employee workers Defendant(s) Louis R. Zipper R23445, Tyrone S. Gabb K56698, & Harley M. Brady R13122, all while Defendant Steve A. Scott hid in his office or was not even in the library/law library at all. Defendant(s) Louis R. Zipper R23445, Tyrone S. Gabb K56698, & Harley M. Brady R13122, would bribe Defendant Steve A. Scott to ignore safety/security concerns like when Defendant Louis R. Zipper R23445 who at the time had a desk mere feet from the Excess Legal Box Room & Defendant Zipper had stacked a shelf on top of a desk in an effort to block Defendant Zipper's desk as well as the view of the Excess Legal Box Room where alot of the illegal activity mentioned herein occured. Defendant Steve A. Scott accepted bribes allowing Defendant(s) Zipper, Gabb, & Brady (among others) full free use of Defendant Scott's computer, internet, & email. Defendant(s) Louis R. Zipper R23445, Tyrone S. Gabb K56698, & Harley M. Brady R13122 exploitied the Plaintiff & other transgenders (Exhibit 1 Akindele's affidavit) demanding payment of commissary for any help with legal research, forms, copies, & other items. All reported to Defendant(s) Steve A. Scott, Jason D. Robinson, Daniel Monti, Shane Reister, Michelle Dulle, Gary McQuarrie, Mark Vinyard, Billy Stanhouse Jr., & Craig J. Dorries via request & one on one conversations overal this serval month period & nothing ever changed. All of this contributed/directly led to the Plaintiff being sexually assaulted on 09/14/2022 at approx. 2:20pm in the Excess Legal box Room of the law library. Plaintiff wrote Defendant Jason D. Robinson PREA NOTICE/REQUEST, Exhibit 2 herein on 09/14/2022.
- September 15, 2022 at Centralia Correctional Center Plaintiff went to the Admin/Back Door/Gate House around 8:00AM for video Court while there Defendant Jason D.

Robinson walked pass the plaintiff, where Plaintiff requested to speak with Defendant Jason D. Robinson. Plaintiff told Defendant Jason D. Robinson "I don't feel safe here, I wanna leave, I really need to talk to you in private." Defendant Jason D. Robinson replied "Ok, I'll go talk to the Warden right now." A few minutes later Defendant Jason D. Robinson returned & led me to a hallway area (more private) Defendant Robinson said "The warden said if you will sign a statement he will push it through & you leave today." Plaintiff replied "Did he say where I would go? I'd like to stay in a prison open like this." Defendant Robinson aggressivly replied"No I did'nt ask that, I'll look into it & call you over later!" Plaintiff stated "after the assault yesterday & all the retaliation I really wanna go." Defendant Robinson stated "I'll call you over later today." Then Plaintiff was retaliated on by Defendant(s) Steve A. Scott, Jason D. Robinson, Daniel Monti, Shane Reister, Michelle Dulle, Gary McQuarrie, Mark Vinyard, Kurt V. Heidel, & Craig J. Dorries after Plaintiff had reported their 09/14/2022 sexual assault to Defendant Jason D. Robinson. Defendant Steve A. Scott conspired with the Defendant(s) herein & wrote a fabricated Disciplinary Report (the Disciplinary Report can be proven to be fabricated & used in an effort to cover up Plaintiff's sexual assault by looking at the date & time of said Disciplinary Report for example exhibit 3 was written 9/15/2022 approx. 10am for an event alleged to have occurred 9/14/22 approx. 1:30pm). Exhibit 3 herein on the Plaintiff in an effort for Defendant(s) Steve A. Scott, Jason D. Robinson, Daniel Monti, Shane Reister, Michelle Dulle, Gary McQuarrie, Mark Vinyard, Kurt V. Heidel, & Craig J. Dorries to obtain, tamper with, destroy the evidence of Plaintiffs sexual assault which Plaintiff had proving their sexual assault being under garments with blood & semen on them in an effort to scare the Plaintiff into not reporting their assault. Defendant Jason D. Robinson called the Plaintiff to the administration/segragation building believing it was to be interviewed for their PREA complaint reguarding their 09/14/2022 sexual assault. Plaintiff took their folder with the evidence in it with them to the administration / segragation building where Defendant Jason D. Robinson came out of their office & told the Plaintiff they were going under investigation, for giving out the wardens phone number in the library. Plaintiff shocked & confused stated "I thought I was here for the PREA request slip I sent you yesterday over my assault & finish our talk from this morning". Defendant Jason D. Robinson ignored what the Plaintiff said an proceeded to demand for the Plaintiff to turn around, put your hands behind your back as Defendant Robinson yanked the Plaintiff's notebook & folder with the evidence from Plaintiff's hands. Plaintiff replied "I have a waist chain permit." Aggressivly Defendant Robinson demands "Then just walk through that door to seg!!" Plaintiff did as ordered where Defendant Robinson shoved the Plaintiff off to Defendant Sergent Heidel as Plaintiff witnessed Defendant Robinson pull the clear plastic bag with the evidence of their sexual asssault out of Plaintiff's folder & tossed it into the trash can (in violation of PREA standards/law), then Defendant Robinson handed the notbook & folder to Defendant Heidel. Defendant Robinson turns to leave all while the Plaintiff continues to repeat That

is evidence you just tossed of me being raped, get that bag out of the trash!" Plaintiff was ignored.

- September 15, 2022 approx. 12:20pm at Centralia correctional Center in the segragation unit Defendant Sergent Heidel angry, aggressivly, & using unnecessary/excessive force shoves the Plaintiff towards the right wing/hallway to a showerwhile shouting "GET IN THE SHOWER & STRIP!!" Plaintiff tryed to calmly explain "I am trans, I cant strip for you, I need you to get my evidence out of the trash." Defendant Heidel sexually assaulted the Plaintiff by grabbing them by their left breast & again using excessive/unnecessary force shoved the Plaintiff into the shower hard enough the Plaintiff hit the rear wall of the shower collepsing to the shower floor as Defendant Heidel shut/locked the shower door hatefully/agrly hollering "This is my fucking seg, so it's my fucking rules!!" Plaintiff in fear for their safety/well being begun hollering "I need a crisis team!" Officer Stinde came & asked the Plaintiff to strip for her, Plaintiff calmly replied "I need a crisis team." Officer Stinde left & Defendant Heidel came storming back where Plaintiff yelled "I need a crisis team or I'll kill myself." Defendant Heidel stormed off ranting "Bitch said the right words now they can get out of my fucking seg" Plaintiff was then placed into a waist chain & set in a bull pen where Defendant Lieutenant Dorries came & took the Plaintiff to the Health Care Unit (HCU), where enroute to the HCU Plaintiff tryed to explain to Defendant Dorries about the evidence of their sexual assault that was thrown away, & details of both sexual assaults. Defendant Dorries smirking replied "Sounds like you had this planned." Plaintiff tryed to tell mental health about the sexual assaults but couldnt in fear of attacks by Defendant Dorries who refused to leave the room. Plaintiff tryed to tell nurses Defendant's Hallinan & Wheeler while on watch but they just looked at the Plaintiff like they were crazy & took no action. Plaintiff went on continous crisis watch & hunger strike 09/15/2022 till 09/19/2022 where they were denied medical care for their serious medical needs despite high level of Ketones (which can be fatal) in their urine by Defendants RN Hallinan & Wheeler. During this period on September 18, 2022 Defendant Major Gary McQuarrie came to the Plaintiff's crisis cell trying to convince the Plaintiff to come off of hunger strike & crisis watch, Defendant McQuarrie made a million promises like "Cornille if you come off crisis & hunger strike I will personally guarentee that there will be no retaliation." Plaintiff replied "Will I be restored back to my former status if I come off, will I be moved back to my housing unit & given back my porter job & no retaliation by any one?" Defendant McQuarrie responded "Yes, there will be no retaliation by any one, you will be given all those things back & I will see to it that an independant investigation is conductuced by internal security investigators." Plaintiff agreed & took the tray Defendant McQuarrie obtained for the Plaintiff, the following morning Plaintiff came off of watch at which time the Defendants took full retaliation against them.
- September 19, 2022 approx. 10:00am at Centralia correctional Center Plaintiff was moved from the Health Care Unit by Defendant Dorries & returned to segragation where

there was a B of I tech to do their finger prints & Plaintiff was told they were being transfered by the Warden, Defendant Daniel Monti. Mere moments later Plaintiff was searched, their property being destroyed. Plaintiff requested to see Defendant Melissa Rucker who is Centralia Correctional center PREA Retaliation Monitor along with Defendant McQuarrie & Defendant Doug Stephens Transfer Coordinator whom were called an Plaintiff was informed to "shut up, set down, & they would be in a transport van shortly!" Plaintiff requested to know where they were being transferred to & why, Plaintiff was told they were being transfered to Pinckneyville Correctional Center a high medium disciplinary prison that is twenty-one (21) hour a day lock down for a disciplinary transfer a complete total retaliation because Centralia Correctional Center is not locked down at all except nine (9) hours at night. Pinckneyville is harsh treatment & all of this is retaliation for Plaintiff being sexually assaulted on September 14, 2022 & reporting it. Plaintiff was never given due process this was pure retaliation. Defendant Rucker had an obligation to prevent this retaliation yet she went with it.

- September 27, 2022 at Pinckneyville Correctional Center Plaintiff received two (2) final summary reports (Exhibit 4 & 5) from both of their Disciplinary Reports from Centralia Correctional Center where there was never a disciplinary transferred ordered on either disciplinary report. Further proof of the retaliation Plaintiff forced by the Defendants. The Defendants illegally transfered the Plaintiff without due process an lied trying to cover it up.

- October 26, 2022 at Pinckneyville Correctional Center Defendant Billy Stanhouse Jr. an Internal Security Investigator for IDOC came to carry out interview of the Plaintiff concerning the events of their sexual assault & the retaliation that followed. Defendant Stanhouse did Plaintiff's interview where Plaintiff provided Defendant Stanhouse with a list of witnesses who could & would attest to the conditions of the law library at Centralia Correctional Center, like Akindele who's affidavit is Exhibit 1 herein this compliant. Defendant Stanhouse violated Plaintiff's rights by failing to interview these key witnesses, or to examine the scene of the crime, or to refer for prosecution. Defendant Stanhouse never even conducted a follow up interview with the Plaintiff to further conclude this investigation. Defendant Stanhouse had one agenda to cover up the criminal acts by state employees against the Plaintiff.

## Legal Claims For Relief

1. Plaintiff incorporates each paragraph of this complaint as if fully restated herein.
2. Plaintiff has the right to be free from cruel & unusal puinishment, right to fair, equal, & basic medical, the right to be free from intentional infliction of emotional distress, retaliation, due process, equal protection, & to be protected from harm by others.
3. In the manner described more fully above/herein, the Defendant(s) acting under the color of law, enguaged in extreme, outrageous, willful, malicious, & wanton conduct. These

actions were rooted in the abuse of power, & authority, to destroy evidence & conceal criminal acts. These illegal acts were done intentionally, with malice, & reckless indifference to the Plaintiff's rights & protections.

4. All Defendant's have an affirmative duty to provide the Plaintiff with adequate, humane, medically necessary treatment, housing, safety, & well being, & they failed.
5. Defendant's by & throught their positions has an affirmative duty to enact & uphold policies, practices, procedures, & customs as well as constitutional protections & provide for training & oversight of staff with out retaliation.
6. Defendant's acts as described herein caused serious damages to the Plaintiff, including pain, prolonged pain, suffering, great mental & emotional distress causing further physical symptoms & further destroyed their day to day life.
7. Plaintiff seeks declatory relief against the Defendant's in their offical capacity, then Nominal, Compensatory, Emotional Distress, Loss of Enjoymeny of life, pain, & suffering damages, as well as Punitive damages against the Defendant's in their individual capacity, & "Indemnification" for payment of any award against them jointly & severally.

**Prayer For Relief**

Wherefore, Plaintiff ask that the Court enter a Judgement against the Defendant's & that the Court:

1. Declare the actions of the Defendant's violated the Plaintiff's rights & proctections under the Constitution.
2. Declare the actions of the Defendant's violated the Plaintiffs rights & protections under the Illinois State Tort Law.
3. Declare the actions of the Defendant's violated State law (Crime Rights Victims Act, Sexual Assault, Tampering with evidence) & Federal Law.
4. That this Court would refer the Defendant's for prosecution under any & all applicable Federal Statues.
5. Nominal Damages of $1,000.00 (USD) against each Defendant jointly & severely, individual capacity.
6. Compensatory Damages of $500,000.00 (USD) against each Defendant jointly & severely, individual capacity.
7. Emotional Distress & Loss of Enjoyment of Life of $200,000.00 (USD)
8. Punitive Damages of $300,000.00 (USD) against each Defendant jointly & severely, individual capacity.
9. A Jury Trial on all issues so triable in accordance with the Federal Rules Of Civil Procedure, Rule 38.
10. All cost incurred by Plaintiff for this suit, including but not limited to attorney's fees.
11. Any dditional relief this Court deems just, proper, & equitable.

**Respectfully Suibmitted,**
**Skyler Sky aka Bradley J. Cornille, B88097**
**Pro se., February 27,2025**

**Verification**

I have read the foregoing compliant & hereby verify that the matters alleged herein are true & correct, except as to matters alleged on information & belief, & as to those I believe them to be true. I certify under penalty of perjury that the foregoing is true & correct. Ececuted at Dixon CC, Dixon, IL February 27,2025.

Signed:______________________________
Skyler Sky aka Bradley Cornille B88097

**Certificate Of Service**

Undersigned certifies that on February 27,2025 they cause this Compliant to be E-Filed from Dixon CC to Fed. Ct. S. Dist.

Signed:______________________________
Skyler Sky aka Bradley Cornille, B88097



Ex A

J.B. Pritzker
Governor

Rob Jeffreys
Director

**The Illinois Department of Corrections**

1301 Concordia Court, P.O. Box 19277 • Springfield, IL 62794-9277 • (217) 558-2200 TDD: (800) 526-0844

Name: Cornille, Bradley  3/8/23 Date

ID#: B88097

Facility: PNK

This is in response to your grievance received on 10/3/22. This office has determined the issue will be addressed without a formal hearing. A review of the Grievance, Grievance Officer/CAO response to the grievance has been conducted. For a grievance that is direct review by the ARB, a review of the Grievance has been conducted.

**Your Issue regarding: Grievance dated:** 9/22/22 **Grievance Number:** — **Griev Loc:** Centralia

☐ Medical

☐ Dietary

☐ Personal Property

☐ Mailroom/Publications

☒ Staff Conduct Lt. Robinson

☐ Commissary / Trust Fund

☐ Conditions (cell conditions, cleaning supplies, etc.)

☐ Disciplinary Report: Dated: ______ Incident # ______

☒ Other PREA 9/14/22

**Based on a review of all available information, this office has determined your grievance to be:**

☐ Affirmed

☐ Denied, in accordance with DR504F, this is an administrative decision.

☐ Denied, this office finds the issue was appropriately addressed by the facility Administration.

☐ Denied as the facility is following the procedures outlined in DR525.

☐ Denied as procedures were followed in accordance with DR 420 for removal/denial from/for an assignment.

☐ Denied as this office finds no violation of the grievant's due process in accordance with DR504.80 and DR504.30. This office is reasonably satisfied the offense cited in the report was committed.

☒ Other: Per IIA the PREA investigation was unsubstantiated; grievance denied. No further action at this level will be taken. Staff conduct unsubstantiated

FOR THE BOARD: Debbie Knauer
Debbie Knauer
Administrative Review Board

CONCURRED: Rob Jeffreys
Rob Jeffreys
Director

CC: Warden, PNK Correctional Center
Cornille, ID# B88097

*Mission: To serve justice in Illinois and increase public safety by promoting positive change for those in custody, operating successful reentry programs, and reducing victimization.*

Ex B

Assigned Grievance Number: ______ Housing Unit: 5D Bed #: 17

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

| Date: 9/22/22 | Offender (please print): Carnille | ID #: B88097 | Race (optional): NA - F |
|---|---|---|---|
| Present Facility: Pinckneyville (PNK) | | Facility where grievance issue occurred: Centralia | |

**Nature of grievance:**

- ☐ Personal Property
- ☐ Staff Conduct
- ☐ Transfer Denial by Facility
- ☐ Disciplinary Report
- ☐ Mail Handling
- ☐ Dietary
- ☒ Other (specify): PREA & Violation of PREA Standards
- ☐ Medical Treatment
- ☐ HIPAA
- ☐ ADA Disability Accommodation
- ☐ Restoration of Sentence Credit

______ Date of report ______ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document** (such as a Disciplinary Report, Search Record, etc.) **and place in the designated locked receptacle marked "grievance":**

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Boar
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor
**Chief Administrative Officer,** only if **EMERGENCY** grievance
Mail to **Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drugs issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information each person involved):

09/14/2022 in the library of Centralia C.C. between 1400 & 1430 hours I was in the exce[ss] legal box room getting items from my excess legal boxes. My back was to the door, I w[as] facing the rear of the room. There is only 1 door in/out of this room w/ racks/boxes lining b[oth] sides & the rear of the room. As I was bent over digging in my boxes which were [illegible] few feet into the room to the left side of said room, Someone approached me from behind stuck a sharp object into my right ribs & stated "If you scream I will stab yo[u] till you stop screaming". I heard the door close by the loud latch sound. I know th[...]

☒ Continued on revers[e]

**Relief Requested:**

Fully document both PREA incidents as well as all PREA standard violations. A full in-depth investigation to be handled by Springfield I.A. Kevin Weber or Eugene Jackson. Provi[de] all copies of all reports, documents etc. to Attorney Camille Bennett @ CBennett@ACLU[...] Also stop & prevent any further retaliatory actions/acts.

☒ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is NOT an emergency grievance.

Carnille — Offender's Signature | B88097 — ID# | 9/22/22 — Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable) Date Received: ______ ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

**Response:**

______ Print Counselor's Name ______ Sign Counselor's Name ______ Date

**Note to offender:** If you disagree with the counselor's response, it is your **responsibility** to forward grievance with counselor's response to the grievance officer

**EMERGENCY REVIEW:** Date Received: ______

Is this determined to be of an emergency nature:

☐ Yes, expedite emergency grievance
☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

Assigned Grievance Number: ______ Housing Unit 5 Bed # D17 EXC

1st Level: ______

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

2nd Level: ______

Voice sounded heavy, husky, & white. The person proceeded to flip the light off I remember the loud click the switch made & the room was pitch black. The light switch is to the left of the door as you come into the room. The person then yanked my pants & underwear down with hand while keeping the sharp object pressed hard into my right ribs. The person proceeded to place their penis between my butt cheeks while forcefully shoving forward, I struggled to keep from falling over when I felt the masturbating their penis [illegible] it was forced inside of my butt. I was crying as I tryed to speak/plead for them to stop which earned me having the sharp object pushed deeper/harder into my ribs. I can't be certain how long the assault occured but I would [illegible] 3 minutes. I could tell the person was heavy set due to their gut hitting me while they raped me. The person ejaculated then quickly left where I tryed to keep myself together as I got my underwear & pants pulled back up. I left the excess legal box room so fast I don't even remember closing my excess legal box. struggling to stop crying. While there is a window in the door to the excess legal box room the line of sight is blocked due to a table w/o shelving [illegible] sitting/standing on top of said table which the IIC workers did so they could have "privacy" on the 1 side of said table which is the side closest to the excess legal box room. Both desk just outside of the excess legal box room were empty when I fled said room the only people in the law library side was 2 IIC's over by the windows which is on the opposite side of the room, these IIC's were facing said windows talking amongst themself. Most IIC workers were at Steve Scott's office door / in his office which is on the main general library side. Steve Scott was not even in his office, which is [illegible] common for Steve Scott to [illegible] which gives the IIC workers a chance to use the internet freely which I've witnessed a # of times, it's [illegible] the IIC workers who run the library. The worker's will have you bring em commissary food to cover cost of their help or to cover cost of copies or to pay for stolen items. I grabbed my folder from the main counter by the copy machine & was trying to get back to my housing unit so I wouldn't [illegible] fall apart in front of everyone. I run into Sgt. Chavez just outside of the academic bldg. & I've gotten to a point where I had a lil trust in him so I stopped Sgt. Chavez I tryed to tell him I had just been raped yet I was so upset, visibly shaking / fighting my [illegible] tears (which I'm sure Sgt. Chavez will recall my state of emotion) I couldn't even find words at the moment to describe what happened to me I ended up apologizing to Sgt. Chavez & fled back to my unit where I dropped my folders in my cell & called c/o A. Sears [illegible] of the [illegible]. I [illegible] I had just been raped yet again as I [illegible] fighting tears & [illegible] (which I'm sure c/o Sears will recall my emotional state as well) I can't recall much of the [illegible] the shower I was in but I did go [illegible] I removed my clothes where I [illegible] the underwear I was wearing & finished [illegible] myself off which I could see blood & semen in the underwear so I bagged them in a small [illegible] bag to preserve the evidence. I proceeded to write Lieut. Jason Robinson a "request slip" Exhibit [illegible] attached & incorporated herein by reference. I [illegible] in the mail bag that same evening. The following morning 09/15/2022 I was in the Admin bldg. commonly referred to as "The Back Door" at Centralia C.C. around 0800 hours for video court while there I.A. Lieut. Jason Robinson walked through. So I called out to him, he stopped, I told him "I don't feel safe here, I wanna leave I really need to talk to you in private" Lieut. Robinson replied "OK I'll go talk to the warden right now." A few minutes later Lieut. Robinson came out of the office area & led me into the hall that leads to several rooms & told me "The warden said if you will sign a statement he will [illegible] & you leave today." I asked "Did he say where I would go? I'd like to stay on [illegible] [illegible]" Lieut. Robinson [illegible] replied "No I didn't ask that, I'll [illegible] & call you over later." I told Lieut. Robinson "After the assault & retaliation I really wanna go" Lieut. Robinson stated "I'll call you over [illegible] [illegible]" [illegible]

Exh. D

Assigned Grievance Information: ______ Housing Unit: 5 D Bed #: 17

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

| Date: 9/22/22 | Offender (please print): Carcille | ID #: B88047 | Race (optional): NA-F |
|---|---|---|---|
| Present Facility: PNK | | Facility where grievance issue occurred: Centralia | |

**Nature of grievance:**

- ☐ Personal Property
- ☐ Mail Handling
- ☐ Medical Treatment
- ☐ ADA Disability Accommodation
- ☐ Staff Conduct
- ☐ Dietary
- ☐ HIPAA
- ☐ Restoration of Sentence Credit
- ☐ Transfer Denial by Facility
- ☒ Other (specify) PREA & violation of PREA Standards
- ☐ Disciplinary Report

______ Date of report ______ Facility where issued

Note: Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document** (such as a Disciplinary Report, Search Record, etc.) **and place in the designated locked receptacle marked "grievance":**

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Boar
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor
**Chief Administrative Officer,** only if **EMERGENCY** grievance
Mail to **Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drugs issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information f each person involved)

Continued from Page 2: I was called to the seg building which is where Lieut. Robinson's off is so I took my Note book & folder which contained the [illegible] [illegible] inside in [illegible] I was going to talk to Lieut. Robinson over my PREA request (exhibit 1 [illegible]) as well as our talk this morning. When I [illegible] to the seg bldg Lieut. Robinson meets me just inside the main door tellin me' Your going under investigation for giving out the warden's phone number in the [illegible] I'm [illegible] [illegible] [illegible] Robinson" I don't know what your talking about I thought I was here for the PREA request but I seen you yesterday & [illegible] our talk this [illegible]

☒ Continued on revers

**Relief Requested:**

[illegible] on Page 1 [illegible] [illegible] back page.

☒ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is NOT an emergency grievance.

Carcille — Offender's Signature    B88047 — ID#    9/22/22 — Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)    Date Received: ______    ☐ Send directly to Grievance Officer

☐ Outside jurisdiction of this facility. Send to Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:

______ Print Counselor's Name    ______ Sign Counselor's Name    ______ Date

**Note to offender:** If you disagree with the counselor's response, it is your **responsibility** to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received: ______

Is this determined to be of an emergency nature

☐ Yes, expedite emergency grievance
☐ No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

Assigned Grievance #/Institution ______ Housing Unit 5 D Bed # 17

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

1st Lvl rec ______ 2nd Lvl rec ______

[illegible]" Lieut. Robinson ignored what I said [illegible] to demand for me "[illegible] [illegible] what [illegible] your [illegible] as he [illegible] my [illegible] & folder w/ the evidence from my hands. I refused "I have a [illegible] [illegible]" Aggressively Lieut. Robinson demands "[illegible] through that door to Sgt" I did [illegible] where Lieut. Robinson shoves me off to Sgt. Hilde w/ my folder & [illegible] the clear [illegible] bag w/ the evidence in it [illegible] the trash can ([illegible] of PREA Standards) then Lieut. Robinson [illegible] back [illegible] door as I'm releasing that evidence [illegible] of me being raped, get that bag out of the trash" I was [illegible] as Sgt. Hilde shoved me toward the shower [illegible] [illegible] the shower & [illegible]" I tried to explain "[illegible] I [illegible] [illegible] you, I need you to get my evidence out of the [illegible]" Sgt. Hilde grabbed me by my [illegible] & shoved me [illegible] the shower till I hit the [illegible] in the shower where I fell [illegible] Sgt. Hilde [illegible] the shower door [illegible] "[illegible] my [illegible]" I started hollering "I need a crisis team" Yo Strode came & asked me to [illegible] I told her "I need a crisis team" Yo Strode [illegible] Sgt. Hilde came [illegible] back where I yelled "I need a crisis team [illegible]" Sgt. Hilde [illegible] "[illegible] the [illegible] now they can [illegible] of my [illegible]" (Sgt. Hilde [illegible] the [illegible] [illegible] 24 hours I was [illegible]) I was [illegible] [illegible] [illegible] where Lieut. Dorris [illegible] took me to HCU. I tried telling Lieut. Dorris about the evidence & [illegible] Lieut. Dorris responded "Sounds like you had [illegible]" I tried to tell Mental health [illegible] the sexual [illegible] but couldn't in front of [illegible] Lieut. Dorris who refused to leave the room. I tried to tell [illegible] after I was on watch [illegible] looked at me like I was crazy. I finally was able to explain everything [illegible] [illegible] on 09/18/2022 [illegible] MH Coleman to which she told me "You need to file a grievance" then Coleman [illegible] [illegible] (I had [illegible] [illegible] [illegible]) 09/19/2022 [illegible] Coleman [illegible] of PREA Standards the day before) I ask MH Coleman "Do you make the PREA report?" Coleman replied "No [illegible]" MH Coleman was still in the [illegible] [illegible] [illegible] Bell @ [illegible] Hours [illegible] HCU via [illegible] [illegible] I [illegible] everything stated herein in detail & even the fact MH Coleman refused to do the report for PREA. Coleman [illegible] [illegible] "I'm doing the [illegible]" I was then taken to a [illegible] @ [illegible] hours on 09/19/2022 at the [illegible] of [illegible] Abuse Attorney Samina Bennett where I explained everything stated herein this grievance [illegible] Attorney [illegible]. After all [illegible] Lieut. Robinson [illegible] before I [illegible] (Lieut. Robinson [illegible] been the [illegible] me [illegible] PREA Violation [illegible]) [illegible] Lieut. Robinson [illegible] [illegible] [illegible] me [illegible] I asked [illegible] [illegible] [illegible] [illegible] [illegible] I did [illegible] [illegible] [illegible] I [illegible] [illegible] [illegible] [illegible] I [illegible] refused [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] D.O.J. [illegible]

Exp

Urgent PREA

ILLINOIS DEPARTMENT OF CORRECTIONS

**Individual in Custody Request**

Name of Individual in Custody: Cornelle ID #: B88097 Living Unit: N5 A5

Job Assignment: ______ Shift: ______

Please refer to the directory located in your orientation manual and address proper personnel.

TO: Lt. Jason Robinson IA

I request [X] interview [ ] cell assignment [ ] visit [ ] Trust Fund [ ] purchase [ ] other (specify) ______

for the purpose of (explain) Lt, I need 2 speak w/ u urgently over a PREA that happened to me 2day n the library. I have the underwear in a plastic bag w/ blood/semen plz see me I don't feel safe & I can't identify who attacked me. plz help me.

______ 9-14-22
Individual in Custody's Signature Date

**DO NOT WRITE BELOW THIS LINE**

Remarks by staff (if necessary): ______

Remarks by supervisor (if necessary): ______

Print Staff Name ______

Staff Signature ______ Date ______

Print Supervisor Name ______

Supervisor Signature ______ Date ______

Distribution: Affected Unit

*Printed on Recycle Paper*

DOC 0286 (Rev. 8/2021)

Assigned Grievance #/Institution: Ex 6 Housing Unit: 5-D Bed #:

1st Lvl rec:

ILLINOIS DEPARTMENT OF CORRECTIONS
**Individual in Custody's Grievance**

2nd Lvl rec:

| Date: 9-29-22 | Individual in Custody (please print): Cornjile | ID #: B88097 | Race (optional): |
|---|---|---|---|
| Present Facility: PNK | | Facility where grievance issue occurred: CCC | |

**Nature of grievance:**

- ☐ Personal Property ☐ Mail Handling ☒ Medical Treatment ☐ ADA Disability Accommodation
- ☐ Staff Conduct ☐ Dietary ☐ HIPAA ☐ Restoration of Sentence Credit
- ☐ Other (specify):
- ☐ Disciplinary Report ____ Date of report ____ Facility where issued

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document** (such as a Disciplinary Report, Search Record, etc.) **and place in the designated locked receptacle marked "grievance":**

**Counselor,** unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
**Grievance Officer,** only if the issue involves discipline at the present facility or issue not resolved by Counselor
**Chief Administrative Officer,** only if **EMERGENCY** grievance
Mail to **Administrative Review Board,** only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

Summary of Grievance (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

While held on crisis & hunger strike at Centralia cc from 9/15/22 till 9/29/22 I was denied medical treatment by RN Wheeler & Hallman for my "excessive even possibly fatal ketone level of 160" as both of these RN's put it when I was held in HCU ISO cell of CCC.

☐ Continued on reverse

Relief Requested:

Document their negligence & compensate me.

☒ Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

☐ Check if this is NOT an emergency grievance.

[signature] Individual in Custody's Signature B88097 ID# 9/29/22 Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable) Date Received: ____ ☐ Send directly to Grievance Officer

☑ Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:

Print Counselor's Name ____ Sign Counselor's Name ____ Date ____

**Note to individual in custody:** If you disagree with the counselor's response, it is your **responsibility** to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:** Date Received: ____

Is this determined to be of an emergency nature:

- ☐ Yes, expedite emergency grievance
- ☐ No, an emergency is not substantiated. Individual in custody should submit this grievance according to standard grievance procedure

Chief Administrative Officer's Signature ____ Date ____

EX1

**STATE OF ILLINOIS )**
**COUNTY OF LEE ) SS.**

## AFFIDAVIT

I, Oluwale Akindele, B59215 of the City of Dixon, IL County of Lee, & the state of Illinois, being first duly sworn upon oath, depose, will testify & say: I was held at Centralia Correctional Center (CCC) from approx. March of 2022 till approx. June of 2023, as part of the PRISM Program. I spent quite a bit of time in the Law Library of CCC under Librian Steve Scott. In my visits to the Law Library Individual In Custody (IIC) workers under Steve Scott like Zipper, Harley, & Gabb would force the transgenders such as myself from the PRISM Program to give us any help on our legal work, to obtain forms from IIC Gabb, & some like IIC Zipper would do free copies for us if we payed him with commissary items. I do recall that IIC Cornille (Skyler Sky) a fellow transgender had two or three excess legal boxes stored in the excess legal box room. There was no clear view of the excess legal box room because IIC Zipper had stacked shelves up in front of his desk area to make a hidden area where people would not disturb him (Zipper).

I also had a number of excess legal boxes an IIC Zipper & many others would tell us to just go in the excess legal box room an get our boxes etc. These issues I reported to Steve Scott who would almost always just hide in his office an let the IIC workers run the library/law library for him. If Steve Scott ever did reply to me when voicing my concerns it was "I will talk to the workers" or "I cannot prove your claims" I voiced my concerns to Shane Reister & Michelle Dulle who was over the PRISM Program an they always said "We looked into it, an there is no supporting factors." When I went to Warden Daniel Monti I was told "In light of your history here I suggest you keep quiet." OA

Pursuant to 735 ILCS 5/1-109, I declare under penalty of perjury, that I am the affiant herein, that I read these statements, & that the information contained is true & correct to the best of my knowledge & belief. I will also testify to these facts in all Court hearings. Executed at Dixon CC in Dixon IL on February 11, 2025. 10:20AM

S/ [signature]
Oluwale Akindele, B59215

Ex 2

Urgent PREA

ILLINOIS DEPARTMENT OF CORRECTIONS

# Individual in Custody Request

Name of Individual in Custody: Cornelle ID #: B88097 Living Unit: N5 A5

Job Assignment: ______ Shift: ______

**Please refer to the directory located in your orientation manual and address proper personnel.**

TO: Lt. Susan Robinson IA

I request [X] interview [ ] cell assignment [ ] visit [ ] Trust Fund [ ] purchase [ ] other (specify) ______

for the purpose of (explain) Lt, I need 2 speak w/u urgently over a PREA that happened to me 2day n the library. I have the underwear in a plastic bag w/ blood/semen plz see me. I don't feel safe & I can't identify who attacked me. plz help me.

[signature] Individual in Custody's Signature

9-14-22 Date

**DO NOT WRITE BELOW THIS LINE**

Remarks by staff (if necessary): ______

Remarks by supervisor (if necessary): ______

Print Staff Name ______

Staff Signature ______ Date ______

Print Supervisor Name ______

Supervisor Signature ______ Date ______

Distribution: Affected Unit

*Printed on Recycle Paper*

DOC 0286 (Rev. 8/2021)

Ex 3

202201825

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender Disciplinary Report**

Centralia
Facility

Date: 9/15/2022

**Type of Report:** ☒ Disciplinary ☐ Investigative

Offender Name: Cornille, Bradley ID #: 888097

Observation Date: 9-14-22 Approximate Time: 130 ☒ p.m. Location: Acad/Library

**Offense(s): DR 504:** 208 Dangerous Communication; 709 Dangerous written material 211 Possession of unauthorized Personal Information 206 Intimidation and Threats

**Observation:** (NOTE: Each offense identified above must be substantiated.)

On the above date and approximate time, this reporting staff member was present in the Centralia Law Library when individual in custody Cornille, Bradley #888097 stated that he had Warden Montis personal cell phone number and was asking other individuals in the library if they wanted it as well. This staff member wrote down the number that Cornille was saying and verified through Warden Monti that it was in fact his personal cell number. This reporting staff member completed a 434 and notified supervisory staff. Cornille was identified by State ID register number and Offender 360 graphics. EOR

Witness(es):

☐ Check if Offender Disciplinary Continuation Page, DOC 0318, is attached to describe additional facts, observations or witnesses.

| Steve Scott | CLLA | [signature] | 9/15/22 | 10:00 ☒ a.m. |
|---|---|---|---|---|
| Reporting Employee (Print Name) | Badge # | Signature | Date | Time |

**Disciplinary Action:**

**Shift Review:** ☒ Temporary Confinement ☐ Investigative Status Reasons: Nature of Offense

Mark McElwain 579 — Printed Name and Badge #
[signature] — Shift Supervisor's Signature (For Transition Centers, Chief Administrative Officer)
9-15-22 — Date

**Reviewing Officer's Decision:** ☒ Confinement reviewed by Reviewing Officer Comment: I Concur

☒ **Major Infraction,** submitted for Hearing Investigator, if necessary and to Adjustment Committee
☐ **Minor Infraction,** submitted to Program Unit

Mark R. Burkey W2 — Print Reviewing Officer's Name and Badge #
[signature] — Reviewing Officer's Signature
9/15/22 — Date

☒ **Hearing Investigator's Review Required** (Adult Correctional Facility Major Reports Only):

Patrick Kellman 3314 — Print Hearing Investigator's Name and Badge #
[signature] — Hearing Investigator's Signature
9-19-22 — Date

**Procedures Applicable to all Hearings on Investigative and Disciplinary Reports**

You have the right to appear and present a written or oral statement or explanation concerning the charges. You may present relevant physical material such as records or documents.

**Procedures Applicable to Hearings Conducted by the Adjustment Committee on Disciplinary Reports**

You may ask that witnesses be interviewed and, if necessary and relevant, they may be called to testify during your hearing. You may ask that witnesses be questioned along lines you suggest. You must indicate in advance of the hearing the witnesses you wish to have interviewed and specify what they could testify to by filling out the appropriate space on this form, tearing it off, and returning it to the Adjustment Committee. You may have staff assistance if you are unable to prepare a defense. You may request a reasonable extension of time to prepare for your hearing.

☒ Check if offender refused to sign _______ Offender's Signature _______ ID#

G Whyte — Serving Employee (Print Name) 4664 — Badge # [signature] — Signature

9-15-22 — Date Served 8:42 ☒ p.m. — Time Served

☐ I hereby agree to waive 24-hour notice of charges prior to the disciplinary hearing.

_______ Offender's Signature _______ ID#

(Detach and Return to the Adjustment Committee or Program Unit Prior to the Hearing)

_______ Date of Disciplinary Report _______ Print offender's name _______ ID#

I am requesting that the Adjustment Committee or Program Unit consider calling the following witnesses regarding the Disciplinary Report of the above date:

_______ Print Name of witness _______ Witness badge or ID# _______ Assigned Cell (if applicable) _______ Title (if applicable)

Witness can testify to: _______

_______ Print Name of witness _______ Witness badge or ID# _______ Assigned Cell (if applicable) _______ Title (if applicable)

Witness can testify to: _______

Printed on Recycled Paper

Distribution: Master File, Offender, Facility (2)

DOC 0317 (Rev. 2/2007)

Ex 4

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS

## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** CORNILLE, BRADLEY J **IDOC Number:** B88097 **Race:** WHI

**Hearing Date/Time:** 9/20/2022 12:08 PM **Living Unit:** PNK-R5-D-17 **Orientation Status:** N/A

**Incident Number:** 202202151/1 - CEN **Status:** Final

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 9/8/2022 | 202202151/1-CEN | BURTON, CECELIA L | ADMINISTRATION | 09:05 AM |

| Offense | Violation | Final Result |
|---|---|---|
| 206 | Intimidation Or Threats | Guilty |
| 304 | Insolence | Deleted |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS

DR read to Cornille, Bradley B88097. Cornille pled guilty.

## BASIS FOR DECISION

Reporting Officer Burton's report state. While in the mailroom Officer Burton received an threaten letter from Individual in Custody Cornille, Bradley B88097. Cornille demands that this officer open all his non-privilege mail in his presence. Cornille writes you will not receive another warning. Cornille's admission of guilt. Cornille, Bradley B88097 was identified by Offender 360 and attached letter.

## DISCIPLINARY ACTION *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| 7 Days Segregation | 7 Days Segregation |
| **Basis for Discipline:Nature of Offense** | |

## Signatures

**Hearing Committee**

| | Signature | Date | Race |
|---|---|---|---|
| RIDGEWAY, BRANDON W - Chair Person | [signature] | 09/20/22 | WHI |
| SKORCH, DIANE | [signature] | 09/20/22 | HSP |

Recommended Action Approved

**Final Comments:** N/A

DAVID W MITCHELL / DWM 9/27/2022 — Chief Administrative Officer

Signature: [signature] Date: 09/27/22

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

[signature] — Employee Serving Copy to Committed Person

11/3/22 1:00 pm — When Served -- Date and Time

RECEIVED
NOV 28 2022
ADMINISTRATIVE REVIEW BOARD

# STATE OF ILLINOIS -- DEPARTMENT OF CORRECTIONS
## ADJUSTMENT COMMITTEE
## FINAL SUMMARY REPORT

**Name:** CORNILLE, BRADLEY J **IDOC Number:** B88097 **Race:** WHI
**Hearing Date/Time:** 9/27/2022 12:51 PM **Living Unit:** PNK-R5-D-17 **Orientation Status:** N/A
**Incident Number:** 202201825/1 - PNK **Status:** Expunged Final

| Date | Ticket # | Incident Officer | Location | Time |
|---|---|---|---|---|
| 9/14/2022 | 202201825/1-PNK | SCOTT, STEVE A | CEN-LIBRARY | 01:30 PM |

| Offense | Violation | Final Result |
|---|---|---|
| 208 | Dangerous Communications | |
| 209 | Dangerous Written Material | |
| 211 | Pos. or Sol. of U/A Personal Information<br>*Comments: Warden's Personal Cell Phone Number* | |

| Witness Type | Witness ID | Witness Name | Witness Status |
|---|---|---|---|

**No Witness Requested**

## RECORD OF PROCEEDINGS
DR read to Cornille, Bradley B88097. Cornille stated that he was never served this ticket at Centralia Correctional Center. Cornille was informed that the IDR has a serving date of 9-15-22 at 8:42 PM. Cornille states that isn't even possible. I was on watch then.

## BASIS FOR DECISION
DR being expunged due to serving procedure not being adhered to. The Adjustment Committee at Centralia Correctional Center was contacted and verified that Cornille, Bradley B88097 was in fact on watch during the serving date and time. The policy at Centralia Correctional Center is that no tickets shall be served while Individuals are on watch.

## DISCIPLINARY ACTION *(Consecutive to any priors)*

| RECOMMENDED | FINAL |
|---|---|
| | ---- E X P U N G E D ---- |

**Basis for Discipline:**

## Signatures
**Hearing Committee**

| | Signature | Date | Race |
|---|---|---|---|
| RIDGEWAY, BRANDON W - Chair Person | [signature] | 09/27/22 | WHI |
| SKORCH, DIANE | [signature] | 09/27/22 | HSP |

Recommended Action Approved

**Final Comments:** N/A

DAVID W MITCHELL / DWM 10/7/2022 — **Chief Administrative Officer**
[signature] — **Signature** 10/07/22 **Date**

RECEIVED
NOV 28 2022
ADMINISTRATIVE REVIEW BOARD

The committed person has the right to appeal an adverse decision through the grievance procedure established by Department Rule 504: Subpart F.

[signature] **Employee Serving Copy to Committed Person**

11/3/22 1:00 PM **When Served - - Date and Time**



UNITED STATES DISTRICT COURT
Southern DISTRICT OF ILLINOIS

ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

Name: Skyler Sky aka Bradley Cornille

ID Number: B88092

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1. Is this a new civil rights complaint or habeas corpus petition? **Yes** or No

   If this is a habeas case, please circle the related statute: 28 U.S.C. 2241 or 28 U.S.C. 2254

2. Is this an Amended Complaint or an Amended Habeas Petition? Yes or **No**

   If yes, please list case number: ________

   If yes, but you do not know the case number mark here: ________

3. Should this document be filed in a pending case? Yes or **No**

   If yes, please list case number: ________

   If yes, but you do not know the case number mark here: ________

4. Please list the total number of pages being transmitted: ________

5. If multiple documents, please identify each document and the number of pages for each document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

| Name of Document | Number of Pages |
| --- | --- |
| Compliant W/exhibits | 21 |
| Proceed as Poor Person | 10 |
| | |
| | |

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record. Discovery materials sent to the Court will be returned unfiled.